Arthur S. CURTIS, Plaintiff,
v.
TIME, Inc., Defendant.
Civ. A. 4959-54.

United States District Court
District of Columbia.
Jan. 25, 1957.

Carl L. Shipley, Washington, D. C., for plaintiff.

John H. Pickering, Washington, D. C., and Harold R. Medina, Jr., New York City, for defendant.

HOLTZOFF, District Judge.

This is a trial of an action by the Court without a jury to recover damages claimed to have been sustained by an alleged misappropriation of an idea and by unfair competition.

The plaintiff is the creator and owner of what is commonly known as a comic strip or cartoon strip, called "The Medal of Honor". This strip sets forth specific episodes in the careers of winners of the Congressional Medal of Honor, which is done both by illustration and narrative. The plaintiff has embodied his idea in other forms as well. Subsequently the defendant, which is the publisher of a magazine known as Time, published certain advertisements urging the purchase of United States Savings Bonds. These advertisements were illustrated by photographs of various winners of the Congressional Medal of Honor and by narratives describing episodes out of their lives. The plaintiff claims the publication of these advertisements constitutes a misappropriation of his idea as well as unfair competition.

No one has a right of property in a historical or biographical event. Any one may publish biographies or photographs of winners of the Congressional Medal of Honor, of Presidents of the United States, of Senators, Congressmen, or other public officials, or other public figures. Any one may publish narratives of historical events. For instance, in the past two or three years

we have had a number of histories of the Civil War. No one can have a monopoly on the idea of publishing a history of particular wars or of any other events. A person can acquire, however, a property right in a specific embodiment of an idea, and if the embodiment is in a literary or pictorial form that embodiment may be protected under the copyright law. For example, a half a dozen people may write a history of the Civil War, but none has a right to complain of the other five, unless his specific embodiment of the history is copied by the others. So here the mere fact that the defendant published pictures and narratives of the lives of Congressional Medal of Honor winners does not constitute a misappropriation of the plaintiff's idea because there is no property right in the general idea of depicting the lives of these heroes. Plaintiff does not claim any infringement of copyright of the specific embodiment of his idea.

Moreover, it appears that the defendant had previously published photographs and narratives relating to winners of the Congressional Medal of Honor. Consequently, the idea of the plaintiff in its general and broad scope is not novel, although his specific embodiment may be.

This case is distinguishable from the case of Belt v. Hamilton National Bank, D.C., 108 F.Supp. 689, affirmed 93 U.S. App.D.C. 168, 210 F.2d 706. In the latter case, there was a concrete novel idea of a narrow scope, instead of an abstraction. In fact, in its opinion in that case, the Court observed that for "such a concept, however, in order to receive the protection of the law must be more than a mere abstraction. It must be reduced to a concrete detailed form. It must, of course, be novel."

In addition, in the Belt case, the defendant had been negotiating with the plaintiff for the use of his idea and then dropped the negotiations and used this very idea but repudiated any obligation to pay the plaintiff. No such situation confronts us in this case. Here the advertisements related to the sale of Government bonds. Moreover, as heretofore indicated, since the defendant had previously used the idea of publicizing in one way or another the lives of winners of the Congressional Medal of Honor, it cannot be said that the idea of these advertisements was borrowed from the plaintiff.

For all these reasons, the plaintiff is not entitled to recover, and accordingly the complaint will be dismissed on the merits.

Counsel may submit proposed findings of fact and conclusions of law.