**Edward Dunbar O'BRIEN, Plaintiff,**

v.

**CHAPPEL & CO. and John Larson et al., Defendants.**

United States District Court
S. D. New York.
Feb. 10, 1958.

Edward Dunbar O'Brien, plaintiff, pro se.

Alfred De F. Licato, for defendant. John Larson.

DAWSON, District Judge.

This is a motion made by John Larson, one of the defendants in the action, for judgment on the pleadings pursuant to Rule 12(c) of the Rules of Civil Procedure, 28 U.S.C.A. and for an order dismissing the complaint on the ground that the complaint fails to state a claim upon which relief can be granted against said defendant.

The complaint, which is a hodgepodge of unrelated and vague accusations and allegations, is one of those miscalled "pleadings" which have been spawned more frequently in recent years since the decision in Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774.

Here, however, we are concerned merely with the claim asserted against the defendant John Larson, who is referred to only in Paragraph 7 of the complaint. The action against him alleges infringement of copyright and specifies the infringement to consist of the following:

(1) That the defendant Larson read a certain unpublished composition of plaintiff's entitled "Paddlewheel" which contained in it the following phrase:

"Sharing My Dreams With a Star,—
asking the moon if it's soon
when you'll be mine, night and noon."

Plaintiff alleges that defendant Larson, in conjunction with one Alan Jay Lerner, copied and plagiarized this in the musical "My Fair Lady," in that in that production there was a song entitled "I've Grown Accustomed to Your Face" in which the phrase appeared:

"I've grown accustomed to the tune you whistle night and noon."

(2) That the plaintiff discussed with this defendant a literary production called "Call Me Mom" which was a monochrome production done in black and white, and that the defendant, in conjunction with Alan Jay Lerner, plagiarized or copied this by one of the acts in "My Fair Lady" known as "The Ascot Scene" where the actors and actresses appeared in black and white.

It is well established that copyright or literary rights do not extend to words or phrases isolated from their context, nor do they extend to abstract ideas or situations. Mazer v. Stein, 1954, 347 U.S. 201, 217, 74 S.Ct. 460, 98 L.Ed. 630; Holmes v. Hurst, 1899, 174 U.S. 82, 86, 19 S.Ct. 606, 43 L.Ed. 904; Funkhouser v. Loew's Inc., 8 Cir., 1953, 208 F.2d 185, certiorari denied 1954, 348 U.S. 843, 75 S.Ct. 64, 99 L.Ed. 664; Nichols v. Universal Pictures Corp., 2 Cir., 45 F.2d 119, certiorari denied, 1931, 282 U.S. 902, 51 S.Ct. 216, 75 L.Ed. 795; Curtis v. Time, Inc., D.C.D.C.1957, 147 F.Supp. 505; Smith v. George E. Muehlebach Brewing Co., D.C.W.D.Mo.1956, 140 F.Supp. 729; Alexander v. Irving Trust Co., D.C.S.D.N.Y.1955, 132 F.Supp. 364, affirmed 2 Cir., 228 F.2d 221, certiorari denied 1956, 350 U.S. 996, 76 S.Ct. 545, 100 L.Ed. 860; Weissman v. R. C. A., D.C.S.D.N.Y.1948, 80 F.Supp. 612. The plaintiff apparently thinks that he can get sole rights to the use of the phrase "night and noon" no matter in what context the phrase is used. Such a common phrase in and of itself is not susceptible of copyright nor of appropriation by any individual. Likewise plaintiff cannot get copyright, or literary rights, to the idea of having the actors and actresses in a stage show appear in a scene dressed in black and white costume. On the face of the complaint it fails to state a cause of action against the defendant Larson and should be dismissed. The motion for judgment on the pleadings dismissing the action against the defendant Larson is granted. So ordered.