Douglas Q. WICKHAM, Trustee,

v.

KNOXVILLE INTERNATIONAL ENER-
GY EXPOSITION, INC., et al.

Civ. No. 3–82–570.

United States District Court,
E.D. Tennessee, N.D.

Jan. 5, 1983.

Wesley M. Baker, Knoxville, Tenn., Ger-
ard W. Ittig, Michael J. Goergen, Mary El-
len Leahy, Washington, D.C., for plaintiff.

Clifford A. Rodgers, E. Bruce Foster,
Robert E. Pitts, John Waters, Edwin M.
Luedeka, Knoxville, Tenn., for defendants.

MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action for copyright infringe-
ment arising in the context of the 1982

World's Fair in Knoxville, Tennessee. Plaintiff alleges that the bankrupt, Marc Arion Cardoso, designed the "Tower of Power," a proposed theme structure for the Fair, also known as an "energy exposition." Denton aff. *See* Appendix, Figs. 1, 2. Plaintiff further says that defendants copied and unlawfully used Cardoso's design in creating and marketing the "Sunsphere" structure that was built on the Fair site. *See* Appendix, Figs. 3, 4. Plaintiff's structure was never built as originally designed. Defendants now move for summary judgment. They say that, as a matter of law, no substantial similarity exists between the two designs. Both sides have thoroughly briefed the issue and filed copies of the controversial designs.

In order for plaintiff to recover in his infringement action, he must prove that he is the owner of the copyright claimed and that defendants copied his original work. *See Mazer v. Stein,* 347 U.S. 201, 218, 74 S.Ct. 460, 471, 98 L.Ed. 630 (1954). Plaintiff may prove "copying" by showing that defendants had access to his work and that his work and defendants' works are substantially similar. *Reyher v. Children's Television Workshop,* 533 F.2d 87, 90 (2nd Cir.1976), *cert. denied* 429 U.S. 980, 97 S.Ct. 492, 50 L.Ed.2d 588 (1976); *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.,* 562 F.2d 1157, 1162 (9th Cir.1977). The test for substantial similarity between the works is whether the ordinary lay observer would conclude that one was copied from the other. *See Durham Industries, Inc. v. Tomy Corp.,* 630 F.2d 905, 913 (2nd Cir.1980); *Universal Athletic Sales Co. v. Salkeld,* 511 F.2d 904, 907 (3rd Cir. 1975), *cert. denied* 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975).

A general impression of similarity in design is not enough to make out an infringement case, however. *Durham Industries, Inc.,* 630 F.2d at 912. Copyright protection extends to the "expression" of ideas but not to "ideas" themselves. 17 U.S.C. § 102(b). The use of plaintiff's ideas alone is therefore not copyright infringement. *Mazer,* 347 U.S. at 217, 74 S.Ct. at 470. Likewise, mechanical or utilitarian aspects of works are not protected by copyright. 17 U.S.C. §§ 101, 102. If, as a matter of law, no reasonable trier of fact could find that defendants' works are substantially similar to the protected aspects of plaintiff's work, summary judgment may be granted for defendants. *See Durham Industries, Inc.,* 630 F.2d 905.

Architectural plans are subject to copyright protection. *See Imperial Homes Corp. v. Lamont,* 458 F.2d 895 (5th Cir. 1972). As for other protected works, access and substantial similarity are essential elements of a copyright infringement action. *Id.* at 900. The House Report on the Copyright Act of 1976 further elaborates on architectural works:

> A special situation is presented by architectural works. An architect's plans and drawings would, of course, be protected by copyright, but the extent to which that protection would extend to the structure depicted would depend on the circumstances. Purely non-functional or monumental structures would be subject to full copyright protection under the bill, and the same would be true of artistic sculpture or decorative ornamentation or embellishment added to a structure. On the other hand, where the only elements of shape in an architectural design are conceptually inseparable from the utilitarian aspects of the structure, copyright protection for the design would not be available.

H.R. Report No. 94–1476, 94th Cong., 2d Sess. F. 55 (1976), U.S.Code Cong. & Admin. News 1976, pp. 5659, 5668.

Turning to the designs at issue here, initially we are impressed by the virtual absence of similarity of specific features between Cardoso's and defendants' structural designs. Both parties' designs depict enclosed buildings set atop elevated towers.

Cardoso's proposed towers appear to be more enclosed, quite unlike the open steel framework of the Sunsphere tower. Cardoso's towers also appear to have at least twice the number of sides as the six-sided Sunsphere. The bases of Cardoso's structural designs are broad in relation to the upper towers and the elevated buildings. The Sunsphere's base is much narrower in relation to its tower and the elevated sphere. The projected height of Cardoso's tower is also substantially greater than the Sunsphere's height.

Cardoso proposed two structural designs for the building atop his tower. His saucer-like design is clearly distinguishable from defendants' spherical building. Cardoso's alternative spherical design is similar in shape to defendants' Sunsphere. The sphere dimensions in relation to the respective towers are of different proportions, however.

Despite the obvious distinctive design features, plaintiff asserts that a factual issue as to similarity bars summary judgment. He asserts that expert testimony is necessary to analyze Cardoso's renderings and sketches. In support of the argument that similarities exist, plaintiff says defendants removed a portion of Cardoso's tower base and attached Cardoso's globe design to it. *See* Fig. 5. He says that the derivative design is substantially similar to the Sunsphere. Indeed, the structures do share more common features after the proposed alteration. We must reject plaintiff's contentions, however.

First, this theory relies on the alteration of a dubious extrapolation of the designs that are the subject of this infringement action. The proposed alterations substantially change the concept and visual impression of plaintiff's originals. Plaintiff seems to be asserting that he has the exclusive right to design and erect a tower with a spherical building on top of it. The use of towers in architectural designs is certainly not unique. *See* Ex. 4 to Denton Aff., *see also* Cardoso aff. Likewise, the incorpora-

tion of a spherical structure into the design is no more than an "idea." Since ideas are not protected by copyright, *Mazer*, 347 U.S. at 217, 74 S.Ct. at 470, plaintiff's arguments are without merit.

We also note the uncontroverted evidence that economic and engineering considerations dictated the height and structural steel design of the Sunsphere tower. Shell aff., Denton aff. To the extent that defendants' Sunsphere design is functional, it cannot be an unlawful infringement. 17 U.S.C. § 101; H.R. Report No. 94–1476, 94th Cong., 2d Sess. F. 55 (1976).

■ Three defendants, Community Tectonics, William S. Denton, Jr., and Hubert Bebb, have also moved for summary judgment on the ground that the Sunsphere design is their original work. Denton and Bebb are both architects, officers, and stockholders in Community Tectonics. They say, by affidavit, that they began design proposals for the World's Fair theme structure in 1979. They say that the Sunsphere was their original creation, evolving through many design steps. Denton and Bebb say they never had in their possessions nor had access to

> any plans, drawings, sketches, artistic renderings, specifications, engineering studies or other pictorial or written representation of any "tower of power" or any other structure bearing any mention of Marc Arion Cardoso or attributable to him in any way.

Bebb aff.; Denton aff. At least one of the defendants admits seeing a newspaper article in August 1977 with a sketch of plaintiff's "Tower of Power." Bebb aff. Defendants deny that plaintiff's sketch influenced their design, however. To the contrary, they say that a sunlike object was simply an appropriate concept for the "energy exposition" structure. Denton aff.; Bebb aff. They further say the Sunsphere tower design was influenced largely by economic and engineering considerations. Shell aff.; Denton aff.

In opposition to defendant's affidavit, plaintiff has filed the affidavit of Marc Cardoso. Cardoso says that Bebb discussed Cardoso's designs with him in 1977. Plaintiff has submitted no evidence at this time to support his allegations that defendant KIEE furnished Cardoso's renderings, schematics, drawings and cross-sections to Community Tectonics. Complaint No. 21. Plaintiff may not rest on these allegations alone to defeat defendants' motion as it relates to the originality of their Sunsphere design. Fed.R.Civ.P. 56(e). Even though plaintiff has not taken the depositions of the defendants, he has had the opportunity to pursue other avenues of discovery and has failed to rebut defendants' affidavits. Summary judgment is therefore appropriate as to Community Tectonics, Denton, and Bebb. Summary judgment in favor of the Sunsphere architects on the grounds of originality necessarily precludes recovery against the remaining defendants for further use and marketing of Community Tectonics' Sunsphere.

Plaintiff has also alleged that defendants wrongfully used Cardoso's works to gain financial backing for the Fair even before the Sunsphere architects allegedly copied his designs. While defendants do not dispute the fact that Cardoso's original designs appeared in newspaper articles in 1977, plaintiff's complaint indicates this use was authorized. This and other authorized uses are not copyright infringements. *See* 17 U.S.C. § 106. Plaintiff's claims of failure to compensate Cardoso for the initial authorized use of his drawings are common law claims for breach of contract. This Court previously dismissed the pendent state law claims in the predecessor to this case. *See Cardoso v. Knoxville International Energy Exposition, Inc.*, No. 3–82–445 (filed Sept. 21, 1982). These claims should also be dismissed from this case.

We are aware that summary judgment is sparingly granted in copyright infringement cases. *See Durham Industries, Inc.*, 630 F.2d at 918. It is appropriate, however, where there is no evidence from which a jury could find substantial similarity between defendants' designs and plaintiff's copyrighted work. Such is the case here. Defendants' additional theories also support the granting of their motion, as discussed above. Accordingly, it is ORDERED that defendants' motions for summary judgment be, and the same hereby are, granted.

Order Accordingly.

APPENDIX

FIGURE 1

**Marc Cardoso's Tower of Power**

FIGURE 2

FIGURE 3

FIGURE 4

162

FIGURE 5

(Cardoso's Design Extrapolation)

K.I.E.E. DECIDES TO
SHORTEN TOWER

PORTION OF DESIGN UTILIZED BY C.T.

K.I.E.E. DECIDES TO
ELIMINATE HOTEL IN BASE

TOTAL HEIGHT 798 ft.

Marc Cardoso's Tower of Power

