Howard Leslie PENDLETON

v.

ACUFF–ROSE PUBLICATIONS, INC., Fred Rose, Algee Music Corp., Elizabeth Jane Anderson, CBS, Inc., Buzz Cason, Publications, Inc., James E. Cason, Let There Be Music, Gary S. Paxton, Johnny Paycheck, George A. Robertson, Jr., Scorpio Enterprises, Billy N. Sherrill, Bradley L. Williamson, Hument Productions, Bright Blue Productions, Inc., Southern Writers Group, Inc., and Bob Montgomery.

No. 82–3668.

United States District Court, M.D. Tennessee, Nashville Division.

Oct. 31, 1984.

Steven H. Strain, Nashville, Tenn., Thomas J. Pitman, Jacksonville, N.C., Michael E. Weddington, Raleigh, N.C., Alan Turk, Nashville, Tenn., for plaintiff.

Thomas E. Harris, New Bern, N.C., John D. Warlick, Jacksonville, N.C., Samuel G. Thompson, Raleigh, N.C., Jean Nelson, Valerius Sanford, Richard H. Frank, Jr., Richard H. Frank, III, Herbert R. Rich, Mark A. Schneider, Tyree Harris, Nashville, Tenn., for defendants.

## MEMORANDUM

JOHN T. NIXON, District Judge.

This action for copyright infringement was originally filed in the United States District Court for the Eastern District of North Carolina on July 25, 1980. The original defendants subsequently moved for dismissal based on lack of personal jurisdiction, and plaintiff was granted a voluntary dismissal of the complaint. On February 13, 1981, the complaint was re-filed, and defendants renewed their motions to dismiss. After an amended complaint was filed naming additional defendants, the case was transferred to this Court by order of the North Carolina court dated July 28, 1982. Currently pending before this Court are independent motions for summary judgment from (1) defendants Acuff-Rose Publications, Inc., Fred Rose Music, Inc., Elizabeth Jane Anderson, James E. Cason, Buzz Cason Publications, Inc., Let There Be Music, Robert C. Jennings, Bob Montgomery, and Southern Writers Group, Inc., (2) defendants Billy N. Sherrill and Algee Music Company, and (3) defendant CBS, Inc. Defendants Scorpio Enterprises, Bradley L. Williamson, and George A. Robertson, Jr. adopt and join in the motions and supporting documents filed by other defendants. This cause came on to be heard on October 4, 1984. For the reasons that follow, defendants' motions for summary judgment are hereby GRANTED, and this case is ORDERED DISMISSED.

Plaintiff, Howard Leslie Pendleton, is a citizen and resident of Jacksonville, Onslow

County, North Carolina. In 1974, plaintiff wrote three compositions entitled "Just a Blue Box," "Dear Dolly," and "Angel." In 1975, plaintiff played a tape recording of the songs for defendant George Robertson and in 1976 played a similar recording for defendant Robert C. Jennings. The gravamen of plaintiff's complaint is that defendants Robertson and Jennings, as well as numerous recording artists, producers, publishers, and record companies, illegally appropriated the lyrics of the three songs. Plaintiff does not allege infringement of the music accompanying these songs.

Plaintiff contends that, in 1977, defendant Elizabeth Jane Anderson wrote and assigned to defendant Fred Rose Music, Inc., the composition "Mama's Shoe Box." Plaintiff contends that the lyrics to this composition infringe upon the lyrics of his composition "Just a Blue Box." Plaintiff further asserts that defendants James E. Cason and George Robertson wrote and assigned to defendants Buzz Cason Publications, Inc. and Let There Be Music the composition "Dolly," which was written in 1978. Plaintiff alleges that the lyrics to "Dolly" infringe upon the lyrics of his composition "Dear Dolly." Lastly, plaintiff maintains that, in 1978, defendants Billy Sherrill and Johnny Paycheck wrote and assigned to Algee Music Corporation the composition "Friend, Lover, Wife." Plaintiff asserts that the lyrics of "Friend, Lover, Wife" infringe upon the lyrics of his composition "Angel." It is the position of the defendants that the lyrics in question contain no similarities other than the idea or theme about which the compositions are written.

▮ FED.R.CIV.P. 56 provides for the entry of summary judgment in a case where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). A court must view the evidence and inferences therefrom in the light most favorable to the nonmoving party.

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). The summary judgment procedure is used to eliminate unnecessary trials, curb the threat of coercive settlement, eliminate claims which lack merit, and provide a just, speedy, and efficient disposition of a lawsuit. *Federal Procedure*, L.Ed. § 62:532. A defendant's motion for summary judgment on a copyright claim may be granted "if, after assuming copying, the Court finds that any similarity between the works is insubstantial." *Smith v. Weinstein*, 578 F.Supp. 1297, 1302 (S.D.N.Y. 1984) (quoting *Musto v. Meyer*, 434 F.Supp. 32, 36 (S.D.N.Y.1977), *aff'd*, 598 F.2d 609 (2d Cir.1979)).

▮ In order to establish a prima facie case of wrongful appropriation of expression by copyright infringement, a plaintiff must prove substantial similarity and access. *Walker v. University Books, Inc.*, 602 F.2d 859, 864 (9th Cir.1979). "Ordinarily, wrongful appropriation is shown by proving a 'substantial similarity' of *copyrightable* expression." *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 977 (2d Cir.) (emphasis in original), *cert. denied*, 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980). Copyright protection extends only to the expression of the idea; it does not protect the idea itself. *O'Neill v. Dell Publishing Co., Inc.*, 630 F.2d 685, 686 (1st Cir.1980). "It must be remembered that copyright protection does not extend to ideas, plots, dramatic situations, and events. Rather, it is limited to the arrangement of words the author uses to express his ideas." *Scott v WKJG, Inc.*, 376 F.2d 467, 469 (7th Cir.), *cert. denied*, 389 U.S. 832, 88 S.Ct. 101, 19 L.Ed.2d 91 (1967). *See Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157, 1163 (9th Cir.1977) (protection granted to a copyrighted work extends only to the particular expression of the idea and never to the idea itself); *Reyher v. Children's Television Workshop*, 533 F.2d 87, 91 (2d Cir.) (although the writer's monopoly exceeds an exact reproduction of the words, the copyright extends not to the ideas disclosed but

to their expression), *cert. denied,* 429 U.S. 980, 97 S.Ct. 492, 50 L.Ed.2d 588 (1976); *see also Mazer v. Stein,* 347 U.S. 201, 217, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954). Obviously, no principle may be enunciated that will reveal when an imitator has gone beyond copying the "idea," and has infringed upon its "expression." Decisions must, therefore, necessarily be ad hoc. *See Reyher,* 533 F.2d at 91; *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487, 489 (2d Cir.1960).

■ Plaintiff argues that substantial similarity necessarily presents a close factual issue that cannot be disposed of on summary judgment. *See Hoehling,* 618 F.2d at 977 (because substantial similarity is customarily an extremely close question of fact, summary judgment has traditionally been frowned upon in copyright litigation). However, although the issue of substantial similarity is frequently a fact issue for jury resolution, *Twentieth Century-Fox Film Corp. v. MCA, Inc.,* 715 F.2d 1327, 1330 n. 6 (9th Cir.1983), a court may determine non-infringement as a matter of law on a motion for summary judgment in at least two instances: first, when all alleged similarity relates to non-copyrightable elements of the plaintiff's work, *Hoehling,* 618 F.2d at 977; second, when no reasonable jury could find that the two works are substantially similar. *See Warner Brothers v. American Broadcasting Companies,* 720 F.2d 231, 239–40 (2d Cir. 1983). Thus courts in copyright cases may dismiss meritless litigation and avoid lengthy and costly trials. *Hoehling,* 618 F.2d at 977; *Weinstein,* 578 F.Supp. at 1302.

■ The test for substantial similarity has been articulated as "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Ideal Toy Corp. v. Fab-Lu Ltd.,* 360 F.2d 1021, 1022 (2d Cir.1966). *See also Warner Brothers,* 720 F.2d at 244; *Atari, Inc. v. North American Philips Consumer Electronics Corp.,* 672 F.2d 607, 614 (7th Cir.), *cert. denied,* 459 U.S. 880, 103 S.Ct. 176, 74

L.Ed.2d 145 (1982); *Wickham v. Knoxville International Energy Expositions, Inc.,* 555 F.Supp. 154, 155 (E.D.Tenn.1983). The existence of similarities limited to the general idea or theme will not, as a matter of law, support a claim for copyright infringement. 17 U.S.C. § 102(b). *See O'Neill,* 630 F.2d at 686. "It is an axiom of copyright law that the protection granted to a copyrightable work extends only to the particular expression of an idea and never to the idea itself." *Reyher,* 533 F.2d at 90. Although the demarcation between idea and expression is not susceptible to a litmus test determination, the essence of infringement lies in its particular expression through similarities of treatment, detail, scenes, events, and characterization. *Id.* at 91. "An infringement is not confined to literal and exact repetition or reproduction; it includes also the various modes in which the matter of any work may be adopted, imitated, transferred, or reproduced, with more or less colorable alterations to disguise the piracy." *Sid & Marty Krofft Television,* 562 F.2d at 1167 (quoting *Universal Pictures Co., Inc. v. Harold Lloyd Corp.,* 162 F.2d 354, 360 (9th Cir.1947)).

■ The basic facts in this case are not in dispute. An examination of the record reveals that at least some of the defendants had access to plaintiff's songs. Additionally it is apparent that plaintiff's work is validly copyrighted. *See Reyher,* 533 F.2d at 90. Plaintiff's work as well as the allegedly infringing work are before the Court, and there is no dispute as to their authenticity. Thus, the only issue left for resolution is whether, as a matter of law, a comparison of the compositions reveals substantial similarity. *Overman v. Universal City Studios, Inc. and Richard Pryor,* 1984 Copyright Law Decisions ¶ 25,660, at 18,958 (C.D.Cal.1984). Even though the issue of similarity is factual, when only one jury verdict could be upheld, summary judgment is appropriate. *See Warner Brothers,* 720 F.2d at 239–40.

■ The lyrics of plaintiff's composition, "Just a Blue Box," and the lyrics of "Mama's Shoe Box," are as follows:

## "JUST A BLUE BOX"

Words and music by Les Pendleton

Just a blue box with a few old pictures
Grey love letters and a couple of scriptures
Memories from a time my mamma loved so well
Just a blue box or so it seems
It held all of her sweet dreams
Just a blue box with a few old things from days gone by.

Well, I got home just this morning
Mamma had died without a warning
Sixty-five years of workin' hard, she's going to rest
Well, the last thing that she said
"Gotta little box under my old bed
And it holds all the things that your mamma loves the best".

Just a blue box with a few old pictures
Grey love letters and a couple of scriptures
Memories fom a time my mama [sic] loved so well
Just a blue box or so it seems
It held all of her sweet dreams
Just a blue box with a few old things from days gone by.

Never had much but mama [sic] tried
To keep us together after papa died
Whenever she got down here's what she'd do
She'd get out her old pictures
Talk about pa and read the scriptures
Memories she kept in a little box so blue.

Just a blue box with a few old pictures
Grey love letters and a couple of scriptures
Memories fom a time my mama [sic] loved so well
Just a blue box or so it seems
It held all of her sweet dreams
Just a blue box with a few old things from days gone by.

## "MAMA'S SHOE BOX"

Liz Anderson

Mama was a dear sweet lady
Finest woman ever born
Spry and bright but nearly eighty
On the day that she passed on
As we went through her possessions
Her last wishes to fulfill
We just happened on a shoe box
Never mentioned in the will

In a shoe box, on the top shelf
In the closet, in the hall
Her whole lifetime in a shoe box
Mama's shoebox held it all.

There was her picture as a baby
Dancing eyes and shiny curls
Sometime in the eighteen nineties
When she came into this world
She was ten and seven summers
When she met dad, her only man
There was a picture of their wedding
As they faced life hand in hand

Old birth records, maybe pictures
As we kids came, one, two three
Of the milestones of mama's lifetime
Tucked away so lovingly

There was her picture at the depot
With the son who went to war
And the gold star with the letter
From the white house in forty four
One old clipping from the paper
When our daddy passed away
And the locket he once gave her
In some far off yesterday

Old report cards, graduations
One red pressed and faded rose
Mama's memories in a shoe box
Tied with love and satin bows

In a shoe box, on the top shelf
In the closet, in the hall
Her whole lifetime in a shoe box
Mama's shoe box held it all.

---

The underlying theme of each composition is a box of memorabilia belonging to the writer's deceased mother. The expression of this idea in each song is quite different. Plaintiff's lyrics refer to a sixty-five year old woman who informs her children before her death of a blue box in which she kept various personal items. These include old pictures, love letters, and scriptures. Ms. Anderson's composition, on the other hand, concerns a woman "nearly eighty" whose children happen upon a shoebox containing mementoes of her lifetime after her death. The lyrics of this song, composed of seven stanzas as opposed to plaintiff's five, are considerably more descriptive. The shoe box contained pictures of herself, her wedding, and her children, birth records, a letter from Washington reporting her son's death in the war, a newspaper clipping

about her husband's death, a locket, report cards, a pressed rose, graduation documents, and satin bows. Plaintiff's composition contains three repetitions of the chorus and two independent stanzas. Ms. Anderson's lyrics reflect two repetitions of the chorus and five independent verses. It is the opinion of this Court that any similarity between the songs stems solely from the underlying theme or idea and that the separate manners of expression of that idea clearly do not constitute an infringement. *See O'Neill*, 630 F.2d at 686; *Scott*, 376 F.2d at 469. As a matter of law, a substantial similarity does not exist. *Warner Brothers*, 720 F.2d at 239–40.

The lyrics of plaintiff's composition, "Dear Dolly" and the lyrics of "Dolly", are as follows:

### "DEAR DOLLY"

Words and music by Les Pendleton

Many nights all alone
In a place where I don't have a friend
Your voice I would hear and the lonliness [sic] all
    goes away
I owe you so much for the warmth and the feelings
    you brought to me
The memories you've stirred in my heart always
    cause me to say

Country girl sing
Sing of love
And the hard times that you knew
Just a sweet simple girl with a voice like you'd hear
    in a dream
From a farm long ago in a coat of rags your mother
    made
*A poor girl seeker she said*
But now she's a queen.

From your songs I can tell
You must be someone who cares
To be sad and alone I know can surely be hell
And some nights your songs
Were the only things that got me through
And Dolly for that I wish you well

Country girl sing
Sing of love
And the hard times that you knew
Just a sweet simple girl with a voice like you'd hear
    in a dream
From a farm long ago in a coat of rags your mother
    made
A poor girl seeker she said
But now she's a queen.

Well I must say goodbye now its late
And tomorrow's another day
These things that I've told you
I promise are true
And if someday things don't go your way or you
    need a friend
I'll always be here to return the kindness to you.

Country girl sing
Sing of love
And the hard times that you knew
Just a sweet simple girl with a voice like you'd hear
    in a dream

### "DOLLY"

Buzz Cason—Austin Roberts

She came down from the mountains of Eastern Ten-
    nessee
To a place called Music City, just to see what she
    could be.
And I was there the first day she played her first
    song
She sang and played so sweetly I just had to sing
    along

Dolly, sweet songbird in your flight
On your way from nowhere soon to be a star so
    bright
Dolly, I've loved you all along
And shared your tears and laughter in the heartbeat
    of your song

It didn't happen right away, the making it was slow
'Til a man named Porter Wagoner [sic] finally put
    you on his show
Your records started selling more you were traveling
    night and day
Soon all the country loved you honey, you were on
    your way.

Dolly, sweet songbird in your flight
The mountains now are far behind your star is shin-
    ing bright
Sweet Dolly we've loved you all along
And shared your tears and laughter in the heartbeat
    of your song.

One night you finished playing with the crowd still
    going wild
I came backstage to see you and you flashed that
    pretty smile
It surprised me when you told your friends how you
    knew me well
You said Lord them was the good old days, hey and
    the stories we could tell.

Now you're on the pop charts with your records all
    around
Singing "Here You Come Again" and "Two Floors
    Down"
And you may be out in Hollywood but you'll be back,
    they say
You've never lost your sweetness, you've still got
    your country way

From a farm long ago in a coat of rags your mother made
A poor girl seeker she said
But now she's a queen.

Dolly, sweet songbird in your flight
You've come so far from nowhere, now your star is shining bright
Sweet Dolly, your love is in your songs
You've given us so much and how we love to sing along with you

Dolly, sweet songbird in your flight
You've come so far from nowhere, now your star is shining bright
Sweet Dolly, your love is in your song
You've given us so much and how we love to sing along.

---

These compositions refer to the popular singer and performer, Dolly Parton. The lyrics reveal an admiration and affection for Parton and allude to her rise to stardom from humble beginnings. Comparison reflects some similarity between the ideas, plots, or themes on which the compositions are based; however, the scope of copyright protection does not extend to these limits. *Sid & Marty Krofft Television,* 562 F.2d at 1163.

■■■■ A fundamental objective of copyright law is to foster creativity. However, the application of that law may both augment and curtail such prospects. The idea-expression dichotomy attempts to reconcile two competing social interests: rewarding individual creativity, while at the same time permitting the public to enjoy the benefits from use of the same subject matter. *Id. See Warner Brothers,* 720 F.2d at 240.

> Upon any work ... a great number of patterns of increasing generality will fit equally well, as more and more of the incident is left out. The last may be perhaps no more than the most general statement of what the [work] is about, and at times might consist of only its title; but there is a point in this series of abstractions where they are no longer protected, since otherwise the [writer] could prevent the use of his "ideas," to

which, apart from their expression, his property is never extended.

*Nichols v. Universal Pictures Corp.,* 45 F.2d 119, 121 (2d Cir.1930), *cert. denied,* 282 U.S. 902, 51 S.Ct. 216, 75 L.Ed. 795 (1931).

■■■■ The similarity between "Dear Dolly" and "Dolly" does not go beyond the idea to write a laudatory song about Dolly Parton. The expression of that idea is entirely different in each composition. "Dear Dolly" speaks of a lonely devotee from afar who is inspired by the singing of a "sweet simple girl." Conversely, "Dolly" tells a tale of an admirer who knew Dolly before she "came down from the mountains of Eastern Tennessee." A major premise of "Dear Dolly" is the loneliness and depression of the admirer, while "Dolly" is an optimistic and upbeat composition. This Court does not discern a substantial similarity of expression between the two sets of lyrics and finds no basis in law to extend the bounds of copyright law protection to encompass the story of an international celebrity such as Dolly Parton. As a matter of law, a substantial similarity is not evident between these compositions. *See Twentieth Century-Fox Film Corp.,* 715 F.2d at 1330.

The lyrics of plaintiff's composition, "Angel" and the lyrics of "Friend, Lover, Wife," are as follows:

"ANGEL"

Words and music by Les Pendleton

I'm not the kind of man I know
That I'm supposed to be
And I'll never know why God above
Sent an angel here for me

"FRIEND, LOVER, WIFE"

Billy Sherril—J. Paycheck

Let me tell you about a woman I know
She don't drink, she don't smoke
She can't stand a dirty joke
She don't hang out 'til the morning light
She don't have to get high, Lord to get right
She's a friend, she's a lover, she's my wife

I like to gamble, I like to smoke
I like to drink and tell a dirty joke
How'd an old stray dog like me
Meet an angel like you.

I like to go out every night
To the card games or maybe a fight
And when they let those horses run you know
It's the only place that I will go
I lost my money like a fool
On a horse that ran like a mule
I'm worthless now as I can be
But if she cares, she ain't told me.

I like to gamble, I like to smoke
I like to drink and tell a dirty joke
How'd an old stray dog like me
Meet an angel like you.

Well, my friends have said for years
That I must keep my angel in tears
It isn't so, you see she understands
She's not the kind to even change her man
She likes me happy all the time
Even if it takes some cards and wine
She's sweet, kind, lovin' and awful pretty
Even likes George Wallace and Richard Petty

I like to gamble, I like to smoke
I like to drink and tell a dirty joke
That's How an old stray dog like me
Met an angel like you.

Well, I remember the night and the neon lights
In a place called the Devil's Den
How the boys would all shout as any angel stepped
    out
Show us how you take it off again

I like to gamble, I like to smoke
I like to drink and tell a dirty joke
That's how an old stray dog like me
Met an angel like you.

But I'll take a drink, Lord
And I'll have a smoke
And I've told some downright filthy jokes
I've been known to hang out 'til the morning light
Been known to get high trying to get right
But that's just me, son, that's just me

Well, If you don't know my woman
You might think she's square
But you ought to see that woman
When she lets down her hair
She's the damnest thing that ever walked into my
    life, heh, Lord
She's a friend, she's a lover, she's my wife.
Tell them about my wife, son, and yours too!

I wear jeans, she wears silk
I like beer and she likes milk
She can be soft like a summer rain
But lock them doors at night, she's a hurricane
She's a friend, she's a lover, she's my wife

Lord, it's still a mystery what she sees in me
She says long as I want her
She'll never set me free
She's the damnest thing that's ever walked into my
    life, hey, Lord
She's a friend, she's a lover, she's my wife.
Hey, she's a friend, she's a lover, she's my wife.
She's a fox, she's a mother, she's my friend, she's my
    lover
She's my wife, that's my wife I'm talking about.

These compositions impart a story of a seemingly paradoxical couple. Despite the propensity of the male character to smoking, drinking and telling dirty jokes, the women remains loyal to him; however, in each song, the woman ultimately is revealed to be a bit scurrilous herself.

Even an occasional country music listener will encounter myriads of ballads alluding to similar ideas. Although the perfect country and western song has been described as including drinking, mother, prisons, trains, and trucks,[1] this Court can add to that list, without reservation, smoking, gambling, loving, and telling dirty jokes. However, a comparison of the two songs reveals similarity in the use of the words "smoke," "drink," and "dirty jokes":

*"Angel"*

I like to gamble, I like to smoke

I like to drink and tell a dirty joke

*"Friend, Lover, Wife"*

She don't drink, she don't smoke

She can't stand a dirty joke

Plaintiff contends that the work "Friend, Lover, Wife" infringes his copyright in

---

1. Steve Goodman, *You Never Even Call Me By*     *My Name* (1975).

"Angel" because of the substantial similarity between the works.

 Courts have consistently held that common words and clichéd language are not subject to copyright protection. *See Alexander v. Haley,* 460 F.Supp. 40, 46 (S.D.N.Y.1978). Moreover, summary judgment is appropriate when such circumstances are demonstrated. *Id.* at 44. "Similarity of expression, whether literal or nonliteral, which necessarily results from the fact that the common idea is only capable of expression in more or less stereotyped form will preclude a finding of actionable similarity." 3 M. Nimmer, *Nimmer on Copyright* § 1303[A][1] (1981). *See Atari, Inc.,* 672 F.2d at 616. The use of particular words or common phrases does not constitute an infringement; it is in the arrangement of words on which a cause of action must be based. *Jackson v. Washington Monthly Co.,* 481 F.Supp. 647, 649 (D.D.C.1979), *aff'd,* 675 F.2d 1340 (D.C. Cir.), *cert. denied,* 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 172 (1982).

> The English language is not broad enough so that similarity of phraseology and word usage will not appear in material on the same topic.... It would be ridiculous to consider such similarity a copyright infringement. Plaintiff has no monopoly on the words or phrases he has used. Plaintiff's right is to the arrangement of the words he has selected to express his ideas, not to the ideas or words themselves.

*Id.* at 649 n. 7 (citations omitted). In *O'Brien v. Chappel & Co.,* 159 F.Supp. 58 (S.D.N.Y.1958), the complainant contended that the phrase "night and noon" was susceptible to copyright protection. *Id.* at 58. The court held that copyright protection does not extend to words or phrases isolated from their context. A common phrase in and of itself is not susceptible to copyright nor of appropriation. *Id.* at 59.

 It cannot be contested that a finite number of themes surface in country music songs. The terms "drink," "smoke," and "dirty joke" are not subject to the proscriptions of copyright law, and a comparison of their arrangement in "Angel" and "Friend, Lover, Wife" does not indicate substantial similarity. "Angel" speaks in the first person and refers to a gambling man who is known to smoke, drink, and tell dirty jokes. "Friend, Lover, Wife," on the other hand, describes a woman who does not drink or smoke and cannot tolerate dirty jokes. As a matter of law, a substantial similarity does not exist between the two. *See Warner Brothers,* 720 F.2d at 239–40. Moreover, as noted above, because the theme or idea of the two songs is not copyrightable, *O'Neill,* 630 F.2d at 686, and because the manner of expression utilized in each song is clearly dissimilar, *Sid & Marty Krofft Television,* 562 F.2d at 1163, this action must be dismissed.

An appropriate Order shall enter.