ACUFF–ROSE MUSIC, INC.,
Plaintiff–Appellant,

v.

JOSTENS, INC., Defendant–Appellee.

Docket No. 98–7135.

United States Court of Appeals,
Second Circuit.

Argued Aug. 13, 1998.

Decided Sept. 4, 1998.

Robert C. Osterberg, Abelman, Frayne & Schwab, New York, New York, for Plaintiff–Appellant.

Carole L. Fern, Berlack, Israel & Lieberman, New York, New York (David C. Forsberg & Karna A. Berg, Briggs & Morgan, St. Paul, Minnesota, on the brief), for Defendant–Appellee.

Before: CALABRESI, CABRANES, and STRAUB, Circuit Judges.

CALABRESI, Circuit Judge:

Plaintiff–Appellant Acuff–Rose Music Inc. ("Acuff–Rose") appeals from a judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge* ) dismissing Acuff–Rose's copyright infringement suit against Defendant–Appellee Jostens, Inc. ("Jostens"). The district court held that the phrase at issue, which Jostens copied from a song to which Acuff–Rose held the copyright, lacked the requisite originality to be protected by copyright law. *See Acuff–Rose Music, Inc. v. Jostens, Inc.,* 988 F.Supp. 289 (S.D.N.Y.1997). We affirm.

## I. BACKGROUND

Acuff–Rose, a music publishing company, owns the copyright to a country music song, *You've Got to Stand for Something,* that repeatedly features the lyrics, "You've got to stand for something or you'll fall for anything." Country singer Aaron Tippin recorded the song in 1990. *You've Got to Stand for Something* peaked in popularity in February 1991, when it was the fifth-best-selling country music song in the United States. Although the initial copyright for the song listed Tippin and Buddy Brock as the only authors of the lyrics, in 1996 Acuff–Rose amended its copyright to list Brock's father, William Brock, as an additional author. According to Acuff–Rose (and William Brock), William Brock independently created the sentence, "You've got to stand for something, or you'll fall for anything."

In December 1992, Jostens, a custom ring manufacturer, launched a nationwide advertising campaign for its school class rings. The campaign prominently featured the slogan "If you don't stand for something, you'll fall for anything." Sometimes the slogan was preceded by the introduction, "The song says it best."

In September 1994, Acuff–Rose sent a letter to Jostens demanding that it cease using the phrase in its advertising. Jostens refused, claiming that the slogan was "noncopyrightable."

Acuff–Rose subsequently brought suit in federal district court, alleging that Jostens had infringed Acuff–Rose's copyright. At the close of discovery, Acuff–Rose and Jostens both moved for summary judgment. During oral argument on the motions, the district court voiced its opinion that triable issues of fact, in particular the issue of whether Jostens copied the lyric lines from the Acuff–Rose song, precluded summary judgment. When both parties insisted, instead, that there was no need for a trial and that the case could be decided based on the papers that had been submitted, the district judge agreed to "go ahead and in essence conduct a trial on the record that's before me."

Finding as a matter of fact (1) that Jostens had copied the lyrics from the Acuff–Rose song, *see Acuff–Rose Music,* 988 F.Supp. at 294; but (2) that the lyrics were not original and therefore were not protected by copyright, *see id.* at 296, the district court decided in favor of Jostens. On appeal, Acuff–Rose contests the district court's decision that the lyrics are not original and argues that the district court improperly resolved factual issues at summary judgment.

## II. DISCUSSION

### A. Resolution by Summary Bench Trial

■ Before considering the substantive issue of copyright law involved in this appeal, we address the district court's decision to resolve this case by a summary bench trial.[1]

At oral argument on Acuff–Rose's and Jostens' summary judgment motions, the court expressed its belief that the question of whether Jostens copied the lyric lines from Acuff–Rose's song was "a fair issue for trial." But both parties maintained that there was no need for a trial and that the case should be decided without one. When the court then asked whether "the parties agree that I should go ahead and in essence conduct a trial on the record that's before me," Acuff–Rose's counsel responded, "I see no issue for trial at all in the record on any issue." At the end of the hearing, the court again returned to the procedural issue. It expressly stated that it did not want the parties to change their minds later and asked them to agree "that what [you] want is for me ... based on this record to draw the inferences, to make findings of fact and conclusions of law in lieu of taking live testimony." To this, Acuff–Rose's counsel replied, "That is plaintiff's position," and Jostens' lawyer added, "It's defendant's position, your Honor."

Subsequently, in its decision for Jostens, the district court expressly stated that it was deciding the case under Rule 52(a), "on the record submitted on the summary judgment motions, without a formal trial." *See Acuff–*

*Rose Music,* 988 F.Supp. at 290. The order of judgment that the court issued five days later, however, referred only to the parties' summary judgment motions and made no mention of a bench trial.

Other circuits have held that, if the parties so stipulate, a court may conduct a bench trial based on the record compiled in summary judgment proceedings. *See Market Street Associates Ltd. Partnership v. Frey,* 941 F.2d 588, 590 (7th Cir.1991); *May v. Evansville–Vanderburgh Sch. Corp.,* 787 F.2d 1105, 1115–16 (7th Cir.1986); *Lac Courte Oreilles Band v. Voigt,* 700 F.2d 341, 349 (7th Cir.1983); *Nielsen v. Western Elec. Co.,* 603 F.2d 741, 743 (8th Cir.1979); *Starsky v. Williams,* 512 F.2d 109, 112–13 (9th Cir.1975); *see also* William W Schwarzer et al., *The Analysis and Decision of Summary Judgment Motions* 39–40 (1991) ("A court may determine that a full trial would add nothing to the paper record and, after proper notice, decide a case on that record, making a decision on a 'trial without witnesses' rather than on summary judgment."). And although the practice has never been explicitly authorized by this Court, we have on prior occasions noted its use without raising objection. *See, e.g., Infinity Broadcast Corp. v. Kirkwood,* 150 F.3d 104, 106 (2d Cir.1998); *Banque Franco–Hellenique de Commerce Int'l et Maritime v. Christophides,* 106 F.3d 22, 24 (2d Cir.1997).

Courts endorsing the practice have uniformly emphasized, however, that the parties must clearly waive their right to a full trial. *See, e.g., Miller v. LeSea Broadcasting, Inc.,* 87 F.3d 224, 230 (7th Cir.1996) ("It is true that Miller told Judge Gordon that he was willing to waive a trial and have the case decided on the summary judgment papers, and that LeSea said that it thought the case could be disposed of that way. But this was not an explicit waiver of LeSea's right to a trial....").

■ We today adopt the position of our sister circuits that a district court may decide a case by summary bench trial upon

---

1. Although Acuff–Rose does not explicitly appeal this determination, we read Acuff-Rose's insistence (1) that we should review this case as if it had been decided on summary judgment, and (2)

that the district court was not entitled to decide the case as a summary bench trial under Federal Rule of Civil Procedure 52(a), as sufficiently raising the issue on appeal.

stipulation of the parties as long as the parties have willingly forgone their right to a full trial. But in doing so, we underscore that a district court's decision to proceed under Rule 52(a) rather than Rule 56 must be made clear to the parties before the court can proceed to decide triable issues of fact. This is especially important when all the parties have argued that the case can and should be resolved by summary judgment. In such situations, the possibility of confusion between a summary bench trial and summary judgment is particularly acute because the parties are incorrectly arguing that no issues of fact exist in the case.

Acuff–Rose contends that it never waived its right to a full trial and that the district court therefore erred in deciding the case based on findings of fact as well as law. Much of the exchange at the summary judgment hearing as to whether the court should proceed and decide the case on the record before it was ambiguous. And the inconsistency between the court's references to Rule 52(a) in its opinion and the wording of the order of judgment exacerbated this ambiguity. Nevertheless, at the conclusion of the summary judgment hearing, both Acuff–Rose and Jostens expressly endorsed the court's clear statement that it would "draw inferences ... [and] make findings of fact." Moreover, Acuff–Rose failed to object to (or even to request a clarification of) the court's assertion, in its opinion, that the parties had authorized the court to proceed with a summary bench trial under Rule 52(a). Accordingly, we hold that Acuff–Rose waived its right to a full trial and allowed the court to decide the case based on findings of fact as well as law.

### B. Copyrightability

■ The remainder of Acuff–Rose's appeal can be dealt with summarily. The district court held that the sentence, "You've got to stand for something, or you'll fall for anything," lacks originality and was therefore not protected by Acuff–Rose's copyright of the song. *See Acuff–Rose Music,* 988 F.Supp. at 296. We hold that the district court's conclusion was supported by the record before the court.

■ "The *sine qua non* of copyright is originality. To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) (citation omitted). "Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying." *Id.*

■ If a copyrighted work that is independently created by a party is copied by another party, there is an infringement of the copyright, regardless of whether other independent, and legitimate, uses of the same material exist. *See id.* at 346, 111 S.Ct. 1282 (noting that if "two poets, each ignorant of the other, compose identical poems [then n]either work is novel, yet both are original and, hence, copyrightable"); *Alfred Bell & Co. v. Catalda Fine Arts,* 191 F.2d 99, 103 (2d Cir.1951) ("[T]he doctrine of anticipation ... does not apply to copyrights.... The 'author' is entitled to a copyright if he independently contrived a work completely identical with what went before...."); *Sheldon v. Metro–Goldwyn Pictures Corp.,* 81 F.2d 49, 53 (2d Cir.1936) (L.Hand, J.) ("[I]t makes no difference how far the [copyrighted work] was anticipated by works in the public demesne which the plaintiffs did not use."), *aff'd,* 309 U.S. 390, 60 S.Ct. 681, 84 L.Ed. 825 (1940).

To counter Acuff–Rose's claim of originality, Jostens submitted to the district court documentation of numerous uses of the saying at issue that predate the Acuff–Rose song. It cited sources ascribing the origin of the phrase (or of close variants) to a variety of sources, including the Bible, Abraham Lincoln, Martin Luther King, Malcolm X, Ginger Rogers, and a chaplain of the U.S. Senate, and others that simply refer to it as an "old saying." Moreover, in 1985, popular songwriter and singer John Cougar Mellencamp recorded an album that included a song called *You've Got to Stand for Somethin',*

featuring the lyrics, "You've got to stand for somethin'/Or you're gonna fall for anything."

Referring to these prior uses of the saying, the district court decided that the phrase "enjoyed a robust existence in the public domain long before Tippin employed it for his song's title and in the key lyrics." *See Acuff–Rose Music*, 988 F.Supp. at 294. It therefore concluded that the lines in Acuff–Rose's song lacked the requisite originality to warrant protection, in effect finding that, given the widespread popular usage of the phrase, William Brock most likely did not independently create the lyric lines of Acuff–Rose's song.

Acuff–Rose contends that the record before the district court is insufficient to warrant a determination that William Brock did not come up with the phrase entirely on his own. To support its argument of independent creation, Acuff–Rose had proffered to the district court: (1) a letter, dated July 2, 1996, from William Brock to Buddy Brock in which William asserts that "the lyric lines, 'YOU'VE GOT TO STAND FOR SOMETHING OR YOU'LL FALL FOR ANYTHING' are original with me"; and (2) a supplemental copyright registration, filed by Acuff–Rose on June 20, 1996, adding William Brock as an author to the song. Both of these constitute some evidence that Brock thought he had come up with the words on his own. But the district court reasonably concluded that the prior usage of the saying was sufficiently widespread as to make it exceedingly unlikely—whatever Brock believed—that Brock had, in fact, independently created the phrase.

As the parties waived their right to a trial that would have allowed them to create a more fully developed record, they authorized the court to make factual inferences based on the limited record before it. Since the inferences and conclusions that the court drew from that record are entirely reasonable, we must accept its finding that Brock's use of the phrase was not original. And, without

independent creation, the lyric lines are not protected by copyright. Accordingly, Acuff–Rose's infringement claim fails.

### C. Fair Use and Damages Measures

Acuff–Rose raises two additional arguments on appeal: (1) that Jostens' use of the lyric lines in its advertising campaign does not constitute a fair use;[2] and (2) that a reasonable license fee is a proper measure of actual damages resulting from a copyright infringement. Both of these issues were matters of dispute in the proceedings below but were rendered moot by the district court's determination that Jostens had not improperly appropriated the lyric lines. Because we affirm the district court's holding, we need not reach either issue.

For these reasons, we affirm the judgment of the district court.

---

**2.** The doctrine of "fair use" allows the appropriation of a copyrighted work without consent under certain circumstances. The doctrine is codified at 17 U.S.C. § 107, which provides that "the fair use of a copyrighted work, ... for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright."