Carla B. BOONE, Plaintiff–Appellant,

v.

John D. JACKSON, professionally known as Fabolous, Pharell L. Williams, Charles E. Hugo, Elektra Entertainment Group, Inc., Desert Storm Records, Inc., EMI April Music, Inc., EMI Blackwood Music Publishing, Inc., J. Brasco Publishing, Inc., also known as D. Brasco, Warner Music Group Inc., and WEA Inc., Defendants–Appellees.

No. 05–5558–cv.

United States Court of Appeals, Second Circuit.

Nov. 15, 2006.

Carla B. Boone, Tyrone, GA, pro se.

Gregory A. Clarick, Manatt, Phelps & Phillips, LLP, New York, NY, for Defendants–Appellees EMI April Music, Inc.,

and EMI Blackwood Music Publishing, Inc.

Cynthia Arato, Gibson, Dunn & Crutcher LLP, New York, NY, for Defendants–Appellees John D. Jackson p/k/a "Fabolous," Pharell L. Williams, Charles E. Hugo, Elektra Entertainment Group, Inc., Desert Storm Records, Inc., J. Brasco Publishing Inc. (a/k/a D. Brasco), Warner Music Group Inc. and WEA Inc.

Present: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Carla B. Boone, *pro se*, appeals from the June 30, 2005 decision of the United States District Court for the Southern District of New York (Daniels, *J.*), *Boone v. Jackson*, No. 03 Civ. 8661, 2005 WL 1560511 (S.D.N.Y. July 1, 2005), granting defendants-appellees' motion for summary judgment in her action alleging copyright infringement. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

Plaintiff argues that the district court improperly dismissed her copyright claim with respect to two versions of her song "Holla Back"[1] because (1) in its "probative similarity" analysis, the court wrongly "hyperdissected" the songs at issue into protectable and non-protectable elements instead of considering the songs as a whole and (2) there were issues of material fact

whether "substantial similarities" existed between the songs such that an ordinary observer would recognize an appropriation of plaintiff's song by defendant.

At the outset, we note that the district court opinion is at times unclear as to which similarity analysis—probative or substantial—it was undertaking. The court correctly noted that a copyright claim requires both proof of (1) actual copying, which a plaintiff may establish by demonstrating probative similarity, and of (2) improper use, which requires substantial similarity, *see Repp v. Webber*, 132 F.3d 882, 889 & n. 1 (2d Cir.1997), but it appears to have confused the distinction—and hence the analysis—between the two at a few junctures in its opinion. Nevertheless, after a *de novo* review of the district court's decision as well as the record, *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir.2004), including the experts' reports and audio recordings of both "Holla Back" and "Young N," viewed in the light most favorable to plaintiff, this Court agrees with the district court that defendants did not infringe Boone's copyright, although we do not, as explained below, adopt all of the district court's reasoning.

■ As to plaintiff's first argument, our precedent makes clear that "dissection" of a work in terms of, *inter alia*, its lyrics, harmony, or structure, is often required in the probative similarity context to determine whether a defendant has actually copied a plaintiff's work, *see Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir.1946),

---

1. We note that the district court appears to have considered only one of the two versions of "Holla Back" upon which plaintiff rests her copyright claims because Boone had not registered the sound recording of the second version with the United States Copyright Office until June 9, 2004. *Boone*, 2005 WL 1560511, at *1 n. 1; *see* 17 U.S.C. § 411(a) (providing no federal jurisdiction over an infringement action until "registration of the copyright claim has been made in accordance with this title"). While there are questions as to whether plaintiff's belated registration cured this jurisdictional issue, it would not affect the analysis that follows in any way because our findings with respect to both versions of plaintiff's song would be the same.

and even plaintiff herself submitted expert testimony that dissected the songs at issue. *See Repp,* 132 F.3d at 889 (noting expert testimony as method of demonstrating probative similarity). We agree with plaintiff, however, that in undertaking the probative similarity analysis, the district court erred by dissecting the works into protectable and non-protectable elements and then comparing the protectable elements for similarities because such an analysis is appropriate to the substantial similarity context. *Fisher–Price, Inc. v. Well–Made Toy Mfg. Corp.,* 25 F.3d 119, 123 (2d Cir.1994) ("In the context of deciding whether the defendant copied at all (as distinguished from whether it *illegally* copied), '[probative] similarity' relates to the entire work, not just the protectible elements."); *see also* 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.01[B] (2005).[2] Nevertheless, the district court appears to base its decision on the permissible ground that the plaintiff's expert conceded the alleged similarities at issue are different and dissimilar, thereby weakening plaintiff's argument that defendant copied her work. *Boone,* 2005 WL 1560511, at *3–*4. Plaintiff's expert claimed that defendants' song shared three fundamental similarities with "Holla Back," which evidenced actual copying: (1) the position of the phrase "holla back" in the hook, or chorus, of the song; (2) the rhythmic construction of the phrase, specifically the eighth-note, eighth-note, quarter-note syncopation and its instrumentation; and (3) the nature and quality of the lyric's repetition in the hook, particularly

the call and response element. But a review of the deposition transcript reveals that plaintiff's expert undermined his own conclusions by conceding, *inter alia,* that the hook in both songs have different lyrics; that the rhythmic constructions are different in that Holla Back varies the beat and vocalization pattern of the "holla back" phrase while Young N does not; that the bass instrumentation of the defendants' hook does not share length, pitch, and rhythm with plaintiff's hook; and that the call and response applied only generically to the two songs and was executed in defendants' song "in a different way and to varying degrees." There is no probative similarity where an expert concedes that allegedly similar music elements, alleged to have been copied, were in fact different. *See, e.g., Johnson v. Gordon,* 409 F.3d 12, 21–23 (1st Cir.2005); *cf. Attia v. Soc'y of the N.Y. Hosp.,* 201 F.3d 50, 58 (2d Cir. 1999) ("Where, as here, a defendant's work is dissimilar in the very respects in which it is claimed to be similar, that can obviously influence the conclusion as to whether the claimed similarity in fact exists or is substantial."). Thus, we find that as a matter of law no probative similarities between "Holla Back" and "Young N" exist.

■ As to plaintiff's second argument, assuming *arguendo* that plaintiff had demonstrated probative similarity and hence actual copying, we agree with plaintiff that the district court misapplied our precedent in undertaking the substantial similarity analysis, but that error does not mandate reversal. The court below seems to have

---

**2.** We are mindful that probative similarity *does* permit the dissection of the work on other grounds, such as structure, harmony, lyrics, and instrumentation and that expert testimony may dissect two works to elucidate where the two are similar to an extent that suggests actual copying. *See, e.g., McDonald v. Multimedia Entm't, Inc.,* No. 90 Civ. 6356(KC), 1991 WL 311921, at *2 (S.D.N.Y.

July 19, 1991) ("Evidence admissible on the issue of 'probative similarity' includes expert testimony 'dissecting' the two works and discussing the works' relationships to other earlier works, for the purpose of illuminating whether similarities between the two works are more likely due to copying or independent creation.")

employed the "more discerning ordinary observer test" discussed in *Knitwaves, Inc. v. Lollytogs Ltd.,* 71 F.3d 996, 1003 (2d Cir.1995), from which the district court concluded that in examining the works at issue to determine whether improper use has occurred, it must extract unprotectable elements "from consideration to determine if the protectable elements standing alone, are substantially similar." *Boone,* 2005 WL 1560511, at *3 (citing *Knitwaves,* 71 F.3d at 1002). In *Knitwaves,* however, we expressly cabined the broad application of this standard, *see* 71 F.3d at 1003, and our subsequent decisions have emphasized that "[i]n applying this test, a court is not to dissect the works at issue into separate components and compare only the copyrightable elements," *Boisson v. Banian, Ltd.,* 273 F.3d 262, 272–73 (2d Cir.2001). Instead, a "court, confronted with an allegedly infringing work, must analyze the two works closely to figure out in what respects, if any, they are similar, and then determine whether these similarities are due to protected aesthetic expressions original to the allegedly infringed work, or whether the similarity is to something in the original that is free for the taking." *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.,* 338 F.3d 127, 134–35 (2d Cir.2003). This is because a defendant may infringe a copyright not only by literally copying a portion of a work, but also by "parroting properties that are apparent only when numerous aesthetic decisions embodied in the plaintiff's work of art ... are considered in relation to one another." *Id.* at 134.

Under this standard, we agree with the district court's analysis that in examining only the protected elements, there was as a matter of law no substantial similarity between any protectable portion of plaintiff's and defendants' respective songs. Indeed, it is well-established that common phrases are not protectable under copy-

right, *see, e.g., Acuff–Rose Music, Inc. v. Jostens, Inc.,* 155 F.3d 140, 144 (2d Cir. 1998) (finding the phrase "you've got to stand for something, or you'll fall for anything" too common to accord copyright protection), and undisputed evidence supported the district court's finding that "holla back" was one such phrase. Defendants, for instance, produced a list of over 30 songs that detailed the mainstream and widespread use of "holla back" in popular American music at around the same time plaintiff's song was recorded and released, and even plaintiff's expert admitted that the phrase "holla back" spoken in an eighth-note, eighth-note, quarter-note pattern could not be deemed original.

The district court erred, however, in not considering whether the defendant "parrot[ed] properties that are apparent only when numerous aesthetic decisions embodied in the plaintiff's work of art—the excerpting, modifying, and arranging of public domain compositions, if any, together with the development and representation of wholly new motifs and the use of texture and color, etc.—are considered in relation to one another." *Einstein Moomjy, Inc.,* 338 F.3d at 134. Guided by a common sense inquiry of the works as a whole, *Boisson,* 273 F.3d at 273, we find the combination of elements in each work is distinct. There is undisputed evidence that the songs' respective structures, lyrics, and harmonies are all different, and as our probative similarity discussion above makes clear, plaintiff's own expert conceded numerous differences in the very similarities alleged to exist between the works. *See Attia,* 201 F.3d at 57–58 (affirming grant of summary judgment where defendant's work had numerous differences in the very elements in which it was alleged to be similar). There is, therefore, no substantial similarity between the songs "Holla Back" and "Young N." As such,

plaintiff could not establish as a matter of law the elements required to prove an infringement claim.

Accordingly, for the reasons above, the judgment of the district court is hereby AFFIRMED.