*Jones v. Atl. Recording Corp.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-five.

PRESENT:
        RICHARD J. SULLIVAN,
        STEVEN J. MENASHI,
        MARIA ARAÚJO KAHN,
           *Circuit Judges*.

———————————————————————

DENISE JONES,

        *Plaintiff-Appellant*,

        v.                       No. 23-1348

ATLANTIC RECORDING CORPORATION; WARNER MUSIC GROUP CORP.; 1501 CERTIFIED ENTERTAINMENT, LLC; 300 ENTERTAINMENT LLC; CRAIG KALLMAN;

STEPHEN COOPER; CARL CRAWFORD; and
KEVIN LILES,

*Defendants-Appellees.*[*]

_____

**For Plaintiff-Appellant:**           DENISE JONES, *pro se*, Pittsburgh, PA.

**For Defendants-Appellees:**        ILENE S. FARKAS (Jessica L. Rosen, *on the brief*), Pryor Cashman LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 30, 2023 judgment of the district court is **AFFIRMED**.

Denise Jones, proceeding *pro se*, appeals from the district court's dismissal with prejudice of her complaint alleging copyright infringement and various state-law claims against Atlantic Recording Corporation and others responsible for the recording of songs that Jones contends substantially copy her own. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal.

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

"We review *de novo* a [district court's] dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Bangs v. Smith*, 84 F.4th 87, 95 (2d Cir. 2023) (internal quotation marks omitted). Because Jones represented herself, we "liberally construe [her] pleadings and briefs . . . , reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted).

## I. Copyright-Infringement Claims

A plaintiff asserting a claim for copyright infringement must show that she has "ownership of a valid copyright" and that the defendant improperly copied "constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To demonstrate that a defendant improperly copied the protected work, the plaintiff must, among other things, prove that the defendant's work is substantially similar to the "protectible material" of the plaintiff's work. *Laureyssens v. Idea Grp., Inc.*, 964 F.2d 131, 140 (2d Cir. 1992). The Supreme Court has described protectible material as the creator's "original contributions," *Feist Publ'ns, Inc.*, 499 U.S. at 350 (internal quotation marks

3

omitted), that were "independently created by the author (as opposed to copied from other works)," and possess "some minimal degree of creativity," *id.* at 345.

On appeal, Jones appears to argue that her song "Grab Em By The P****" ("GEBTP") is substantially similar to Defendant Pete's song, "Thot Sh*t," and Defendant Almanzar's song, "WAP," and that the similarities between Jones's song and the defendants' songs relate to protectible material.[1] We disagree.

Jones's claims fail for the simple reason that she has not demonstrated that the defendants' purported copies are substantially similar to "GEBTP's" "protectible material." *Laureyssens*, 964 F.2d at 140. We agree with the district court that the various lyrics that Jones insists were copied in "Thot Sh*t" and "WAP" are plainly different from those in "GEBTP." *See, e.g.*, *Jones v. Atl. Recs.*, No. 22-cv-893 (ALC), 2023 WL 5577282, at *5–6 (S.D.N.Y. Aug 29, 2023) (explaining that the lyrics of "GEBTP" share only a handful of words with "WAP" and "Thot Sh*t" and that those shared words arise in different contexts). And even if it could be argued that the lyrics are substantially similar, Jones merely alleges that the defendants' songs and "GEBTP" share what amount to general themes, common

---

[1] Given the explicit nature of the song titles and lyrics, we use asterisks when spelling certain terms.

phrases, and individual words – none of which is protectible under copyright law. *See Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996) (explaining that copyright does not protect ideas or themes); *Acuff-Rose Music, Inc. v. Jostens*, 155 F.3d 140, 144 (2d Cir. 1998) (finding the phrase "you've got to stand for something, or you'll fall for anything" too common to be afforded copyright protection). Because Jones has failed to demonstrate that the defendants' compositions are substantially similar to "GEBTP's" protected elements, we agree with the district court that Jones failed to assert a claim for copyright infringement as a matter of law.

## II. Remaining Claims

Jones's remaining claims – for criminal copyright, intentional infliction of emotional distress, and negligent infliction of emotional distress – and her request for a default judgment against the defendants likewise fail.

There is no private right of action for a plaintiff to enforce a federal criminal copyright claim under 17 U.S.C. § 506 and 18 U.S.C. § 2319. *See, e.g., Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 39 (S.D.N.Y. 1992) ("[T]here is no private cause of action under the criminal provisions of the copyright law."), *aff'd*, 23 F.3d 398 (2d Cir.1994); *see also Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 37 n.10 (2d Cir. 1982) ("[Section] 506 is a criminal [copyright] provision that does not

5

appear to provide a private right of action."), *superseded on other grounds as stated in Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 84 (2d Cir. 2013). The district court therefore properly dismissed Jones's federal criminal copyright claim.

Jones's state-law claims for intentional infliction of emotional distress and negligent infliction of emotional distress fare no better. Under New York law, a plaintiff asserting a claim for intentional infliction of emotional distress must establish that (1) the defendant engaged in "extreme and outrageous conduct," (2) he did so with "intent to cause . . . severe emotional distress" or that he acted in "disregard of a substantial probability of causing" such distress, (3) there was "a causal connection between the conduct and injury," and (4) the conduct resulted in "severe emotional distress." *Chanko v. Am. Broad. Cos.*, 27 N.Y.3d 46, 56 (2016) (internal quotation marks omitted).[2] Here, Jones failed to plausibly allege even the

---

[2] Although Jones did not indicate which state's law applied, the district court, having diversity jurisdiction over the state-law claims, applied New York law. *See Jones*, 2023 WL 5577282, at *7–8. Since neither party disputes the choice of law here, we see no reason to hold that the district court erred in applying New York law. *See Tehran-Berkeley Civ. & Env't Eng'rs v. Tippetts-Abbett-McCarthy-Stratton*, 888 F.2d 239, 242 (2d Cir. 1989) (holding that the forum's law applied when neither party disputed the choice of law); *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) ("The parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law." (alterations accepted and internal quotation marks omitted)).

first factor, as she relies on conclusory allegations that the defendants engaged in internet stalking and harassment to mine her social media for content to use in their songs, without demonstrating that the defendants' conduct was extreme or outrageous. Without more, such allegations cannot satisfy the exceptionally high standard for extreme and outrageous conduct, which the New York Court of Appeals has described as "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 122 (1993) (internal quotation marks omitted).

With respect to Jones's claim for negligent infliction of emotional distress, New York law requires a plaintiff to establish "[a] breach of the duty of care resulting directly in emotional harm." *Ornstein v. N.Y.C. Health & Hosps. Corp.*, 10 N.Y.3d 1, 6 (2008) (internal quotation marks omitted). Jones, however, identifies no duty that the defendants owed her, let alone a breach of such a duty. In fact, Jones does not identify – nor are we aware of – a single precedential case in which copyright infringement formed the basis for a successful negligent infliction of emotional distress claim.

7

Finally, the district court did not err in denying Jones's repeated requests for a default judgment. As the district court made clear when it vacated the certificates of default entered against the defendants, "all [d]efendants ha[d] either appeared, acknowledged receipt of the complaint and [we]re seeking counsel, or ha[d] not been served." Dist. Ct. Doc. No. 123. Indeed, the record clearly shows that all the defendants that had been served had requested a pre-motion conference pursuant to the district judge's individual practices before the Clerk of Court had entered default. *See* Dist. Ct. Doc. Nos. 52, 81; *see also* Judge Andrew L. Carter, Jr., Individual Practices § 2(A) ("A pre-motion conference with the Court is required before making any motion. . . . If a pre-motion conference is requested in connection with a proposed motion to dismiss, the request will stay the deadline for the requesting party to move or answer."). We therefore see nothing in the record to suggest that the district court erred in denying Jones's repeated requests for default judgment. Moreover, we have previously stated that "prior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 117 (2d Cir. 2011) (internal quotation marks omitted). Since we agree with the district court that Jones failed to state a

claim upon which relief could be granted, the district court clearly was justified in refusing to grant default judgment in favor of Jones. *See, e.g.*, *Moore v. Booth*, 122 F.4th 61, 69 (2d Cir. 2024) ("[A] district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief." (internal quotation marks omitted)); *Henry v. Oluwole*, 108 F.4th 45, 55 (2d Cir. 2024) ("Only after the district court is convinced that the facts meet the elements of the relevant cause of action . . . may the district court enter a default judgment.").

\*     \*     \*

We have considered Jones's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court